IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADMIRAL INSURANCE COMPANY**, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **NO. 25-279-KSM** |
| **COMLY ROAD HOLDINGS, LLC, et al.**, | |
| Defendants. | |

# ORDER

**AND NOW**, this 17th day of December, 2025, upon consideration of Plaintiff Admiral Insurance Company's interpleader complaint pursuant to 28 U.S.C. § 1335 (Doc. No. 1), Defendants Comly Road Holdings, LLC, and Roman Jamera's Motion to Dismiss (Doc. No. 40), and Plaintiff's opposition brief (Doc. No. 44); following oral argument on October 23, 2025 (Doc. No. 57); and for the reasons explained in the accompanying Memorandum, it is **ORDERED** as follows:

1. The Motion to Dismiss (Doc. No. 40) is **DENIED**.

2. Judgment is **ENTERED** in favor of Plaintiff. Admiral is entitled to declaratory judgment that the $100,000 AB Sublimit is the maximum coverage available under Admiral Policy CA000045657-01 for both the *Corona* and *Pedraza-Zayas* Suits.[1]

---

[1] The Court limits the declaratory judgment to the interpleaded res covering policy period June 12, 2022, through June 12, 2023. *See N.J. Sports Prods. v. Don King Prods., Inc.*, 15 F. Supp. 2d 534, 545 (D.N.J. 1998) ("Section 2361 authorizes a district court to enter an order restraining all claimants from instituting a proceeding in any state or federal court affecting the *interpleaded res*.") (citing *Provident Mut. Life Ins. Co. of Phila. v. Ehrlich*, 508 F.2d 129 (3d Cir. 1975)) (emphasis added).

3.   All Defendants to this case are enjoined under 28 U.S.C. § 2361 from all future claims that Admiral improperly paid the limits of Admiral Policy CA000045657-01.[2]

**IT IS SO ORDERED.**

/s/ Karen Spencer Marston
KAREN SPENCER MARSTON, J.

---

[2] This injunction, like the declaratory judgment, is limited to the interpleaded res.