IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADMIRAL INSURANCE COMPANY.**, <br><br> Plaintiff, <br><br> *v.* <br><br> **COMLY ROAD HOLDINGS, LLC, et al.,** <br><br> Defendants. | **CIVIL ACTION** <br><br><br> NO. 2:25-CV-00279 |

**MEMORANDUM**

**Marston, J.**                                                                                                   **December 17, 2025**

Plaintiff Admiral Insurance Company ("Admiral") insured Defendant Comly Road Holdings, LLC, d/b/a the Union Tap ("Comly Road"),[1] from June 12, 2022 through June 12, 2023, pursuant to the terms of Admiral Insurance Policy CA000045657-01 (the "Policy"). The Policy contains a $100,000 sublimit applicable to assault or battery claims (the "AB Sublimit"), which limits the potential recovery per event (to $100,000) and in the aggregate for all assault or battery claims initiated during the policy period (also, to $100,000). Comly Road, its owner, Roman Jamera, and several related entities and individuals who are or may be insured by the Policy ("Insured Defendants"), have been sued in two separate state court actions: *Pedraza-Zayas v. The Union Tap* ("*Pedraza-Zayas* Suit") and *Corona, Sr. v. The Union Tap* ("*Corona* Suit").[2] Both state court lawsuits assert a number of claims, including claims for assault and battery.

---

[1] The Union Tap is a Philadelphia bar. (Doc. No. 1-4 at ¶ 2.)

[2] Both of these Suits were filed in the Pennsylvania Court of Common Pleas. (*See* Doc. Nos. 1-3, 1-4.)

In a contemporaneously filed Memorandum, the Court denied Comly Road Defendants' motion to dismiss and granted Admiral's request for an injunction pursuant to 28 U.S.C. § 2361 and declaratory judgment that the AB Sublimit applies to both state court actions.  The Court now turns to Admiral's Rule 67 Motion to "Interplead Policy Limits to Settle Claims."  (Doc. No. 41.)  Admiral moves the Court for an order authorizing Admiral to interplead the remaining assault or battery limit under 28 U.S.C. § 1335 to pay settlement of the *Pedraza-Zayas* Suit and for Admiral to pay Pedraza-Zayas directly under 28 U.S.C. § 1335 rather than the Court registry, since this settlement completely exhausts the policy for assault or battery claims.[3]  (*Id.* at 1.) Comly Road Defendants oppose Admiral's Rule 67 Motion for the same reasons they argued the Court should dismiss Admiral's interpleader complaint:  (1) the allegations of the *Corona* Suit give rise to claims potentially covered by the Policy that are not subject to the AB Sublimit; (2) Admiral has failed to comply with the requirements of the interpleader statute in failing to deposit the funds with the Court and then settling with Pedraza-Zayas; and (3) Admiral's requested injunction is overbroad. (Doc. No. 45.)  For the reasons that follow, Admiral's motion is granted.

**I.     Background**

Because the Court writes primarily for the parties, the Court does not repeat the facts of this lawsuit at length, and instead, includes only an overview of the procedural history as it relates to Admiral's Rule 67 motion and Admiral's settlement with Pedraza-Zayas.

---

[3] The Court already issued an injunction pursuant to 28 U.S.C. § 2361 at the time the Court denied Comly Road Defendants' motion to dismiss, so the Court only addresses Comly Road Defendants' argument that the requested injunctive relief is overbroad.  The Court also notes that Admiral's request for relief in its Rule 67 motion contains a typographical error as Admiral makes its request pursuant to 28 U.S.C. § 2397, not 28 U.S.C. § 2361.  Admiral confirmed this was a typographical error in an email to the Court on December 10, 2025.

On January 16, 2025, Admiral filed its interpleader complaint against a number of defendants, including Comly Road Defendants and the plaintiffs who filed the *Pedraza-Zayas* and *Corona* underlying state court actions.[4]  (Doc. No. 1.)  On April 9, 2025, Pedraza-Zayas filed a motion to dismiss and stay the proceeding.  (Doc. No. 26.)  On April 16, the Court held a telephonic status conference and stayed the deadline for responding to the motion to dismiss.  (Doc. No. 32.)  Also, as counsel had not entered an appearance for a number of defendants, the Court directed Admiral to contact the attorneys representing these same defendants in the underlying state court lawsuits to inquire about their appearance in the federal interpleader action.  And the Court asked the parties to meet and confer about possible mediation and discuss a mutually agreeable mediator.  The Court entered an order to this effect on April 17.  (*See id.*)

On April 24, the Court held a second conference call.  (Doc. No. 33.)  Admiral reported that it had attempted to contact defense counsel for Comly Road in the underlying state court lawsuits.[5]  Admiral and Pedraza-Zayas reported that they wanted to mediate and were setting a date with a mediator.  Counsel for the plaintiffs in the underlying *Corona* Suit stated that they were not interested in mediation because they did not believe the AB Sublimit applied to their claims, and even if it did, it would not be enough to settle their claims.  Further, counsel asserted that he was prepared to collect on assets if that became necessary so there was no reason to

---

[4] Admiral filed its interpleader action against 19 named defendants and 10 John Doe defendants, purportedly including all parties to the two state court actions "who or may be insured" by the Policy. (Doc. No. 1 at ¶ 10–11.)

[5] On September 22, 2025, the Court entered a notice of default pursuant to Federal Rule of Civil Procedure 55(a) against Lucky 13 Unlimited, Stephanie Pappas, Ares Corp, Steve Iliescu, Ross Iliescu, and Eileen Iliescu for failure to plead or otherwise defend.  (Doc. No. 48.)  On October 6, 2025, the Court vacated the default entered against Defendants Lucky 13 Unlimited, LLC and Stephanie Pappas.  (Doc. No. 54.)  Upon agreement of the parties, Defendants Lucky 13 Unlimited, LLC and Stephanie Pappas were dismissed with prejudice from the lawsuit.  (*Id.*)

mediate.  Subsequently, an answer to the interpleader complaint was filed by counsel on behalf of the plaintiffs in the *Corona* Suit.  (Doc. No. 37.)

On May 12, Defendant Roman Jamera, the owner of Defendant Comly Road contacted the Court and requested additional time to secure counsel to represent his bar.[6]  The Court granted this request and gave until June 10 for Comly Road to secure counsel.  (Doc. No. 36.)  On June 6, counsel entered an appearance on behalf of Comly Road and Jamera ("Comly Road Defendants") (Doc. Nos. 38, 39.)

At the end of June, the Court ordered the parties to submit a status update.  On June 27, Admiral and Pedraza-Zayas submitted a Joint Status Report stating that they had participated in a mediation before the Honorable Thomas J. Rueter (Retired) on June 4 and had reached a confidential settlement.  (*See* Doc. No. 45-1.)  Separately, Comly Road Defendants stated that Defendant Jamera did not recall knowing about the June 4 mediation, which took place prior to counsel for Comly Road and Jamera entering his appearance.  (Doc. No. 45-2. at 2.)  Comly Road Defendants claimed that Admiral had failed to notify their counsel handling the state court action of the mediation in the instant action so their interests were not represented during the mediation.  (*Id*. at 2.)  Meanwhile, counsel for the plaintiffs in the separate *Corona* Suit again reiterated their position that the AB Sublimit does not apply to their claims and stated their intent to file a judgment on the pleadings.  (*Id.* at 3–4.)

On July 8, 2025, Comly Road Defendants filed a motion to dismiss.  (Doc. No. 40.)[7]  Also on July 8, Admiral filed its Rule 67 "Motion to Interplead Policy Limits to Settle Claims"

---

[6] Because the bar is an LLC, it must have Counsel represent it.

[7] The Court denies the motion to dismiss in a contemporaneously filed Memorandum.

(Doc. No. 41), which Comly Road Defendants oppose. (Doc. No. 45.)[8]  Although the plaintiffs in the *Corona* Suit are also named as defendants in the instant interpleader action, they did not file an opposition to Admiral's Rule 67 motion.  This motion is presently before the Court.

II.     **Discussion**

In a Rule 67 motion, the interpleader plaintiff seeks permission to deposit the full amount of the disputed funds (the "res") into the court registry.  Fed. R. Civ. P. 67.1(a)(1)(A).  Once the funds are deposited, the Court can order disposition of the interpleaded res.  *See NYLife Distrib., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 375 (3d Cir. 1995).

In a contemporaneously filed Memorandum and Order, the Court has determined that Admiral is entitled to a declaratory judgment that the AB Sublimit is the maximum coverage available for both the *Pedraza-Zayas* and *Corona* Suits and that Admiral is entitled to an injunction pursuant to 28 U.S.C. § 2361 from any future claims that Admiral improperly paid the limits of the Policy.  As such, the Court need only address Comly Road's arguments that Admiral's unilateral disposition of the AB Sublimit in connection with the *Pedraza-Zayas* settlement precludes its request for interpleader relief, and that Admiral's request for an injunction is overbroad and without merit.  (Doc. No. 45 at 26–28.)  The Court addresses each argument in turn.

    A.     **Admiral's Settlement with Pedraza-Zayas**

Admiral's Rule 67 Motion seeks an order that Admiral "may pay Pedraza-Zayas directly under 28 U.S.C. § 1335 rather than the Court registry, since this settlement will exhaust the policy for assault or battery claims." (Doc. No. 41-1 at 1.)  Comly Road Defendants argue that

---

[8] Admiral also filed a reply in support of its motion to interplead policy limits to settle claims. (Doc. No. 46.)

Admiral's unilateral disposition of the remaining AB Sublimit precludes its request for interpleader relief in connection with the AB Sublimit.  (Doc. No. 45 at 26.)  Specifically, Comly Road Defendants take issue with the fact that by settling with Pedraza-Zayas, Admiral "unilaterally determined which claimant will receive the funds it contends expose it to multiple claims" and "deprived the Court of the ability to adjudicate those adverse claims." (Doc. No. 45 at 27.)  The Court disagrees.

Comly Road Defendants are incorrect that Admiral's settlement with Pedraza-Zayas is "a frustration of the core purpose of the interpleader statute—permitting adverse claimants to assert their right to an interpleaded fund following the discharge of a stakeholder." (*Id.*)  To the contrary, an interpleader action serves the purpose of allowing the court to order disposition of the challenged funds and to enter other rulings as needed to ensure the plaintiff avoids multiple liability.  *See* 21 Fed. Proc., L. Ed. *Effect of prior proceedings* § 49:21, Westlaw (2025) ("The court's jurisdiction over an interpleader action does not terminate with the claimants' settlement regarding the disposition of the disputed property.  Although the settlement terminates the court's obligation to determine how the interpleader fund is to be distributed, *the court retains jurisdiction to order the disposition of the fund as agreed by the settling claimants*.") (emphasis added); *see also Truck–a–Tune, Inc. v. Re*, 23 F.3d 60, 62 (2d Cir. 1994) (recognizing that a settlement agreement between the claimants in an interpleader action "eliminated the Court's obligation to decide between them, but did not deprive the Court of jurisdiction to order disposition of the property in conformity with the claimants' agreement").

Indeed, it is well-established law that interpleader actions are not rendered moot by voluntary settlements or voluntary agreements if the plaintiff could still be subject to multiple liability absent court order.  *See Grand Manor Health Related Facility, Inc. v. Hamilton Equities*

*Inc.,* 941 F. Supp. 2d 406 (S.D.N.Y. 2013) ("[I]n order to render an interpleader action moot, a voluntary agreement must effectuate the purpose of interpleader—to shield the plaintiff from multiple liability—such that a judgment in the action can provide no practical relief to the stakeholder." (citing *Vincent Metro, LLC v. Yah Realty, LLC*, 1 A.3d 1026, 1032 (Conn. 2010) (collecting cases from various jurisdictions and holding interpleader claim not mooted by voluntary agreement of the parties because plaintiff could still be subject to multiple liability)). Here, even though Admiral voluntarily settled with Pedraza-Zayas, a court order is necessary to remove Admiral's fear of being "subject to multiple liability" from Comly Road Defendants or the plaintiffs in the *Corona* Suit. *See id.* Comly Road Defendants do not point to any case law in support of their argument that Admiral's settlement with Pedraza-Zayas contravenes 28 U.S.C. § 1335.

Neither have Comly Road Defendants shown that the parties' contract forbids Admiral's settlement with Pedraza Zayas. Section D.1.(a)(2) of the Admiral Policy states, "We may, *at our discretion*, investigate any 'assault or battery event' and settle any claim or 'suit' that may result." (Doc. No. 1-2 at 68 (emphasis added).)  The Policy is clear that Admiral has discretion to settle without a court order.  This clause removes any obligation on Admiral's part to ensure that all Defendants were present at the mediation with Judge Rueter and that all Defendants consented to the settlement.  Thus, the Court will allow Admiral to interplead the remaining balance of the AB Sublimit to fund the *Pedraza-Zayas* settlement, consistent with 28 U.S.C. § 1335.

      **B.**      **Admiral's Request for Injunctive Relief**

That leaves Comly Road Defendants' argument that Admiral's request for an injunction that insulates Admiral from future breach of contract and bad faith claims is overbroad and

without merit.  (*See* Doc. No. 45 at 28 (arguing that "a liability carrier may be subject to breach of contract and bad faith claims even if it pays the limits of its policy") (citing *Bodnar v. Nationwide Mut. Ins. Co.*, 2013 U.S Dist. LEXIS 70144, at *41–42 (M.D. Pa. May 16, 2013)).)  Admiral's complaint sought "an Order pursuant to 28 U.S.C. § 2361 restraining or enjoining all Defendants from initiating or prosecuting any proceeding in a different court than this Court concerning coverage or bad faith claims arising from or related to Admiral Policy CA000045657-01."  (Doc. No. 1 at 16.)  Admiral has removed this prayer for relief from its Rule 67 proposed order.  (*See* Doc. No. 41-1.)  And, in any event, the Court grants Admiral's request for an injunction under 28 U.S.C. § 2361 in a contemporaneously filed Memorandum and Order ruling on Comly Road Defendants' motion to dismiss.  In that Order, the Court limited injunctive relief to foreclose only "future claims that Admiral improperly paid the limits of Admiral Policy CA000045657-01."  Because Admiral's Rule 67 Motion does not seek to insulate it from bad faith or breach of contract claims and the Court has already issued an injunction that does not include such a limitation, Comly Road Defendants' arguments that the request is overbroad and without merit are moot.  *See U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 211 (3d Cir. 1999).

**III.   Conclusion**

Admiral's Rule 67 Motion to interplead policy limits to settle claims is granted.  The Court finds Admiral may interplead the remaining assault or battery limit of Policy CA0000045657-01 under 28 U.S.C § 1335 to pay the settlement of the *Pedraza-Zayas* claim; Admiral may pay Pedraza-Zayas directly under 28 U.S.C. § 1335 rather than the Court registry.  An appropriate order follows.