IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY : | |
|    *Plaintiff* : | CIVIL ACTION |
| : | |
| v. : | NO. 2:25-CV-00279 |
| : | |
| COMLY ROAD HOLDINGS LLC, *et al.* : | |
|    *Defendants* : | |

**BRIEF IN SUPPORT OF THE
FED. R. CIV. P. 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT
OF DEFENDANTS FRANK CORONA SR., JEANETTE CORONA, SARAH
CORONA, AMBER JANILLE LOPEZ CANCEL, KAYLA RODRIGUEZ
CANCEL, MELANIE RUBY RODRIGUEZ CANCEL, ERIC PORTA, JOSHUA
WILLIAMS, AND NICHOLAS RAYMOND BOUGHEN**

**I.   PRELIMINARY STATEMENT**

Presently, Defendants Frank Corona Sr., Jeannette Corona, Sarah Corona, Amber Janille Lopez Cancel, Kayla Rodriguez Cancel, Melanie Ruby Rodriguez Cancel, Eric Porta, Joshua Williams, and Nicholas Raymond Boughen (collectively, "the Corona Defendants") respectfully move the Court under Fed. R. Civ. P. 59(e) to alter or amend its Order of December 17, 2025 (*ECF Nos.* 60-61). This declaratory judgment action involves, *inter alia*, the question of whether an insurance contract allegedly entered into between Plaintiff Admiral Insurance Company ("Plaintiff Insurer") and Defendant Comly Road Holdings LLC d/b/a The Union Tap ("Defendant Insured") requires for Plaintiff Insurer to provide Defendant Insured with a defense (and potentially with indemnification) with regards to the allegations pleaded by the Corona Defendants against Defendant Insured in the

1

underlying personal injury lawsuit captioned as Corona v. The Union Tap, *et al.*, Philadelphia Court of Common Pleas Civil Action No. 241102431. On May 16, 2025, the Corona Defendants filed an Answer to Plaintiff Insurer's Complaint, in which the Corona Defendants asserted that they were for the most part unable to admit or deny the allegations of Plaintiff Insurer's Complaint, because the Corona Defendants had no personal or direct knowledge of any communications or agreements that may have occurred between Plaintiff Insurer and Defendant Insured. *ECF No.* 37. On June 27, 2025, the parties submitted a Joint Status Report, a copy of which is attached hereto at Exhibit "A," which noted in pertinent part that the Corona Defendants did not believe that the Assault and Battery exclusion alleged by Plaintiff Insurer's Complaint would cover all of the pertinent allegations of the Comoplaint filed by the Corona Defendants in the underlying state court tort case, but that the Corona Defendants intended to present that argument in the form of a Motion for Judgment on the Pleadings, once Defendant Insured had answered the Complaint. On July 8, 2025, Defendant Insured filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). *ECF.* 40. In turn, the Court's Order of December 17 denied Defendant Insured's Rule 12(b)(6) Motion and simultaneously granted dispositive relief in favor of Defendant Insured. The Corona Defendants respectfully believe that they should at least have had an opportunity to know whether Defendant Insured admitted or denied the allegations of Plaintiff Insurer's Complaint before raising their own arguments concerning the proper construction of the underlying insurance contract pursuant to Pennsylvania law.

Accordingly, the Corona Defendants respectfully request for the Court to (a) vacate the subject Order, (b) compel Defendant Insured to Answer the Complaint, and then (c) permit the Corona Defendants a reasonable opportunity to submit a Motion for Judgement on the Pleadings — informed, *inter alia*, by knowledge whether Defendant Insured even agrees that Plaintiff Insurer attached the correct copy of the insurance contract to their Complaint.

## II.     APPLICABLE LAW AND LEGAL ARGUMENT

Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The United States Supreme Court has held that Rule 59(e) "gives a district court the chance to rectify its own mistakes" and "federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (citations and some punctuation omitted). Thus, Rule 59(e) "enables a district court to reverse a mistaken judgment, and so make an appeal altogether unnecessary." Id. at 1708 (citation omitted).

The Corona Defendants respectfully believe that the Court's Order of December 17 was premature, at least to the extent that it granted dispositive relief in favor of Plaintiff Insurer. Indeed, the Court's Opinion notes that the Corona Defendants had notified the Court of their intent to file a Motion for Judgment on the Pleadings, but does not explain why the Corona Defendants were not permitted that opportunity (without prior notice) nor does it address the resulting prejudice

3

suffered by the Corona Defendants. Simply speaking, without at least an Answer in hand Defendant Insured, the Corona Defendants were in no position to meaningfully participate in this declaratory judgment action. Again, it has not even been established whether Defendant Insured agrees that Plaintiff Insurer attached a complete and accurate copy of the insurance contract to the Complaint, nor did the Corona Defendants have any way of learning what other defenses may have been available to Defendant Insured. We believe, therefore, that we acted procedurally proper by filing our Answer and then awaiting the close of the pleadings before presenting our arguments in a formal manner. We also believe that we properly notified the Court of our understanding of the proper procedure and reasonably anticipated that the Court would permit us an opportunity to at least file a Motion for Judgement on the Pleadings prior to entering dispositive relief in favor of Plaintiff Insurer.

Additionally, the Corona Defendants respectfully believe that the Court's Order did not apply the correct legal standards. None of the case law cited by the Court granted dispositive relief in favor of an insurance company prior to the close of the pleadings stage. For example, the opinion in <u>Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC</u>, 116 F.Supp.3d 447 (E.D.Pa. 2015), which the Court cited repeatedly in the section of the Court's Opinion specifically addressing the allegations in the Corona Defendants' tort Complaint, was (a) a ruling entered at the motion for summary judgment stage, (b) after the underlying tort case had reached a final conclusion, and (c) dealt with the duty to indemnify, not the duty to

defend (in fact, the insurer in Liberty Surplus did provide a defense in the underlying tort action). Each of these procedural distractions changes the calculus dramatically.

Under Pennsylvania substantive law, which the Court and all parties agree applies here, the duty to defend — as opposed to the duty to indemnify — is applied very broadly and liberally. As the Pennsylvania Supreme Court has held:

> An insurer's duty to defend is broader than its duty to indemnify, and the duty to defend is triggered if the factual allegations of the complaint on its face encompass an injury that is actually or **potentially** within the scope of the policy. The truth of the complaint's allegations is not at issue when determining whether there is a duty to defend; the allegations are to be taken as true and liberally construed in favor of the insured. Whether a claim is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. And, if any doubt or ambiguity exists, it must be resolved in favor of coverage. Moreover, to the extent there are undetermined facts that might impact on coverage, the insurer has a duty to defend until the claim is narrowed to one patently outside the policy coverage, for example through discovery.

Erie Ins. Exch. v. Moore, 658 Pa. 256, 267 (2020) (emphasis in original; citations and some punctuation omitted). In Moore, the plaintiff's complaint alleged that a man broke into the home of his ex-wife, intending to kill himself and his ex-wife, but in the process, he accidentally killed his ex-wife's boyfriend. See generally 658 Pa. 256. The Pennsylvania Supreme Court held the insurance carrier "clearly" had a duty to defend against the claim's brought by the boyfriend's estate, since it was alleged in the complaint that the killing of the boyfriend was not intended. Id.

5

The <u>Liberty Surplus</u> trial court opinion itself highlights the fact that the difference between an assault and battery or a negligent act, under Pennsylvania law, rests entirely with the subjective state of mind of the wrongdoer:

> [T]he Third Circuit has noted that, in Pennsylvania, an individual is guilty of an assault "if he/she '**attempts to cause or intentionally or recklessly causes bodily injury to another' or 'attempts by physical menace to put another in fear** of imminent serious bodily injury.'" <u>Essex Ins. Co. v. Starlight Mgmt. Co.</u>, 198 Fed. App'x 179, 183 (3d Cir. 2006) (quoting 18 Pa. Cons. Stat. § 2701). The Third Circuit defined battery as "whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." <u>Id.</u> (quoting <u>Renk v. City of Pittsburgh</u>, 537 Pa. 68, 641 A.2d 289, 293 (Pa. 1994).

<u>Liberty Surplus</u>, 116 F.Supp.3d at 448.

In turn, the Complaint filed by the Corona Defendants in the underlying tort action, a copy of which is attached hereto at Exhibit "B," is pleaded in the alternative with regards to state of mind of the tortfeasor (Frederick Falcon) for good reason — the Corona Defendants have no way of knowing what was going through Mr. Falcon's mind at the relevant times. A tortfeasor's state of mind is generally a question of fact that must be resolved by the jury sitting as fact-finder. <u>Amidon v. Goodyear Tire & Rubber Co.</u>, 2021 U.S. Dist. LEXIS 256031 at *8-9; 2021 WL 7907079 (M.D. Pa. Aug. 26, 2021). But, as noted in the Corona Defendants' Complaint, Mr. Falcon was found not-guilty of any intentional criminal act at the criminal trial. <u>See</u> the Corona Defendants' Complaint at ¶ 110, a copy of which is attached hereto at Exhibit "B." Clearly, then, the jury in the underlying tort action

6

may likewise conclude that Mr. Falcon's actions were wrong and caused harm, but we not intended to do so.

The Court's Opinion notes that the Corona Defendants' Complaint says that Mr. Falcon was acting strangely, such as "taking off his clothes and flexing his muscles," but that certainly does not provide definitive evidence that he wanted to cause physical harm to the Corona Defendants. Id. at ¶ 36. Perhaps Mr. Falcon was merely drunk and trying to be funny? Perhaps Mr. Falcon was trying to annoy the Corona Defendants but had no intention to actually harm them? These are questions of fact for the jury, and the truth is that no one knows what really happened. The Corona Defendants' Complaint, though, pleads a straight count of negligence against Mr. Falcon, alleging — as was proven at the criminal trial — that Mr. Falcon drove negligently before striking a member of the Corona Defendants' group. Id. at ¶¶ 78-87. It is absolutely possible, as pleaded by the Corona Defendants, that Mr. Falcon's fatal act was simply a mistake — indeed, it is quite likely, as pleaded by the Corona Defendants, that Mr. Falcon was simply drunk because he had been overserved by Defendant Inured and so he lost control of his vehicle. Id. Because it is quite possible, as pleaded in the Complaint, that Mr. Falcon's fatal act was not intentional, the duty to defend is triggered.

### III. CONCLUSION

**WHEREFORE**, the Moving Parties pray for the Court to ***grant*** the instant Motion, in the form of the corresponding proposed Order.

**Respectfully submitted,**

**VICTIMS' RECOVERY LAW CENTER**
BY:   Keith West, Esquire
PA Identification No. 317426
3650 Winding Way, Suite 200
Newtown Square, Pennsylvania 19073
215-546-1433 - Office Phone
215-546-1433 ext. 404 - Direct Line
keith@victimrecoverylaw.com
Date: January 11, 2025